UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -1  A 9: 47

US DISTRICT COURT
HARTFORD CT

Michael Beaudette,

        Plaintiff,

    v.

PG&E National Energy Group, Inc.,

        Defendant.

CIVIL ACTION NO.
303CV899 (RNC)

## DEFENDANT'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO COMPEL PLAINTIFF TO PRODUCE CERTAIN MEDICAL RECORDS

      Pursuant to Fed.R.Civ.P. 37(a), Defendant PG&E National Energy Group Company ("Defendant") hereby requests an extension of time until Monday, December 8, 2003 to file a Motion to Compel Plaintiff to Produce Certain Medical Records. Defendant's motion to compel was due on November 24, 2003. This extension is necessary because Defendant has been trying to resolve its dispute for these records with Plaintiff Michael Beaudette ("Plaintiff") for three weeks and had anticipated that a motion to compel would not be necessary. On November 5, 2003, Defendant's counsel sent a letter to Plaintiff 's counsel iterating its request for Plaintiff's medical records from 1983 to 1997. (November 5, 2003 letter attached as **Exhibit A**). In response, Defendant received Plaintiff's counsel's November 7, 2003 letter on November 10, 2003 in which counsel stated that if Defendant could "identify any admissible evidence you think these requests are reasonably calculated to discover please let me know and I will be happy to reconsider." (November 7, 2003 letter is attached as **Exhibit B**). Defendant's counsel spoke to

20/570046.1

Plaintiff's counsel on November 17, 2003 at which time Plaintiff's counsel would not agree to produce any of Plaintiff's medical records from 1983 to 1997.

Plaintiff's counsel has assented to this request.

Defendant, therefore, respectfully requests this extension of time in an effort to resolve its dispute with Plaintiff over these medical records and, if unsuccessful, to narrow the issues for its motion.

                                        PG&E NATIONAL ENERGY GROUP
                                        COMPANY

                                        By their attorneys,


                                        _____
                                        James W. Bucking (ct 24940)
                                        Claudia T. Centomini (ct 24941)
                                        FOLEY HOAG LLP
                                        155 Seaport Boulevard
                                        Boston, MA 02210-2600
                                        (617) 832-1000

Dated:  November 26, 2003


## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2003, I caused to be served a true and correct copy of the foregoing document by first-class mail to all counsel of record.


                                        _____
                                        Claudia T. Centomini

Exhibit A



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

Claudia T. Centomini
Boston Office
6178321192
ccentomi@foleyhoag.com

November 5, 2003

**Via Federal Express**

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105-2922

   Re: <u>Michael Beaudette v. PG&E National Energy Group, Inc.</u>

Dear Mr. Adler:

   I have enclosed the documents to be produced in accordance with Plaintiff's Request for Production.  I am still gathering documents in response to your requests for certain notes and e-mail messages.  I will forward them to you as soon as I receive them.

   I also want to take this opportunity to re-state that I expect to receive Mr. Beaudette's medical records from 1983 to 1997.  Mr. Beaudette has made these medical records an issue in the case by alleging in the Complaint that he "has had a 20 year history of anxiety disorder, including panic attacks and agoraphobia, as well as depression."  Thus, as I indicated to you in an October 27, 2003 e-mail message, I reserve my right to question Mr. Beaudette on the medical records that you intend to produce as well as his medical records from 1983 to 1997.

      Very truly yours,

      Claudia T. Centomini

Enclosures

cc: Mary E. Kelly Esq. (w/o enclosures)
  Daniel Krisch, Esq. (w/o enclosures)
  James W. Bucking (w/o enclosures)

20/567974.1

Exhibit B

LAW OFFICES
# LIVINGSTON, ADLER, PULDA, MEIKLEJOHN & KELLY, P.C.
557 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-2922
TELEPHONE: (860) 233-9821 • FAX (860) 232-7818
⊛ ⊜◁⊳⊙ C-125

DANIEL E. LIVINGSTON
GREGG D. ADLER
RUTH L. PULDA
THOMAS W. MEIKLEJOHN
MARY E. KELLY
PETER GOSELIN
DEBORAH L. MCKENNA
HENRY F MURRAY

OF COUNSEL
ANNE GOLDSTEIN
BETZABETH SANCHEZ

**RECEIVED**

NOV 1 0 2003

70 HOWARD STREET
NEW LONDON, CONNECTICUT 06320
(860) 204-0201

PLEASE REPLY TO HARTFORD OFFICE

**WRITER'S DIRECT DIAL:**
(860) 570-4637
mekelly@lapm.org

November 7, 2003

Attorney Claudia T. Centomini
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Re:   **Michael Beaudette v. PG&E National Energy Group**

Dear Attorney Centomini,

I am in receipt of the documents and your letter of November 5th, 2003. With respect to your request for medical records from 1983-1997, the critical issue is whether they could lead to the discovery of admissible evidence. I do not see how the Plaintiff's medical history several years before he began work could be admissible with respect to his claims of disability discrimination.

Obviously, his condition at the time of his employment and after would be relevant and we have agreed to provide information concerning his condition for three years before his hire in an attempt to be reasonable, but I think the request is just far too broad.

If you can identify any admissible evidence you think these requests are reasonably calculated to discover please let me know and I will be happy to reconsider. Absent that, we will not be providing the records, without an order from the court.

Sincerely yours,

Mary E. Kelly

MEK/azh