UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL BEAUDETTE,
        Plaintiff

v.

PG&E NATIONAL ENERGY GROUP, INC.
        Defendant

CIVIL ACTION NO.
3:03 CV 0899 (RNC)

December 1, 2003

### MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 37a, plaintiff Michael Beaudette respectfully requests a twenty (20) day extension of time within which to file any Motion to Compel with respect to Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production.  Plaintiff's Motion is currently due on December 3, 2003.  This extension is necessary because Defendant's counsel is unable to respond to the Plaintiff's attempts to resolve these disputes until on or about December 1, 2003, and Plaintiff's counsel wishes to wait until receiving that response before filing any motion in hopes that the response will resolve or at least narrow the issues on which a motion to compel will be necessary[1].

The Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production were due on or before November 3, 2003.  The written responses were provided on that date and documents produced on November 5, 2003. (See Exhibit A).  On November 10, 2003, Plaintiff's counsel wrote to Defendant's counsel, in an attempt to resolve the discovery disputes.  (See Exhibit B).

---

[1] An extension until the 23rd is sought because Plaintiff's counsel will be away from the office on a scheduled vacation from December 8th through the 14th.

LAW OFFICES
# LIVINGSTON, ADLER, PULDA, MEIKLEJOHN & KELLY, P.C.

557 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-2922
TELEPHONE: (860) 233-9821 • FAX (860) 232-7818

DANIEL E. LIVINGSTON
GREGG D. ADLER
RUTH L. PULDA
THOMAS W. MEIKLEJOHN
MARY E. KELLY
PETER GOSELIN
DEBORAH L. MCKENNA
HENRY F. MURRAY

OF COUNSEL
ANNE GOLDSTEIN
BETZABETH SANCHEZ

70 HOWARD STREET
NEW LONDON, CONNECTICUT 06320
(860) 204-0201

PLEASE REPLY TO HARTFORD OFFICE

**WRITER'S DIRECT DIAL:**
(860) 570-4637

mekelly@lapm.org

November 10, 2003

Attorney Claudia T. Centomini
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210-2600

RE:   **Michael Beaudette v. PG&E National Energy Group**

Dear Attorney Centomini,

I have reviewed the discovery responses. Here are my thoughts:

With respect to virtually every interrogatory, you have not identified the documents which relate to the responses, and a quick review of the documents provided makes clear that you have not provided many documents called for.

In interrogatory number 3, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In interrogatory number 4, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In Interrogatory Number 5, you have not identified the employees who allegedly came forward to complain about the plaintiff while he was suspended, and have produced any no notes, minutes, statements, calendars, or other documents about the employees or about the decisionmaking process. You claim that you followed your

Attorney Claudia T. Centomini
Date: November 10, 2003
Page: 2

usual investigation process but there no investigation documents produced, and no documents identifying the usual investigation process. Are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In interrogatory number 7, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In Interrogatories 8 and 21, we seek the salary and benefits of persons in the plaintiff's position after his termination. These are relevant for damages. You have identified a list of people without their salary, overtime or benefits. You have not identified their dates of employment, or identified who was assigned the plaintiff's duties. If you claim that the plaintiff would not have received the pay, overtime or benefits of some of all of these identified individuals- you have not identified the qualifications or experience that would justify the difference. You have not identified whether or not any of the people who took over the plaintiff's duties after his termination have subsequently been promoted (arguably a promotion that plaintiff would have received absent his termination. To the extent that you contend plaintiff would not have received such a promotion absent his termination, you have not provided the evaluations, qualifications and experience to support such a contention.

In interrogatory number 9, you have not provided the information requested about the two employees which includes any steps to inform the employee of the problem, whether the evaluation reflected the discipline, whether the employee received a wage increase; and all documents including notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits. In addition, you have apparently limited your responses to the period that the Plaintiff was employed. I do not believe that this is appropriate. See: Haskell v. Kaman Corp., 743 F.2d. 113 (2nd. Cir. 1984); EEOC v. Morgan Stanley, 132 F. Supp. 2d. (SDNY 2000). Clearly the treatment of similarly situated employees could be admissible as to the issue of pretext- even if the events are outside of the the period of plaintiff's employment. For example, evidence that if an employee was not terminated despite a physical altercation could be admissible even if the events took place outside of the dates of plaintiff's employment since, the defendant is claiming that if followed its, "usual procedures". Finally, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In interrogatory number 10, we request information about any complaints about the plaintiff. You have repeatedly said that there were employee complaints. However

Attorney Claudia T. Centomini
Date: November 10, 2003
Page: 3

you have failed to provide any of the information called for. Also, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In interrogatory number 11, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In interrogatory number 12 and 13 you have not provided the documents, supporting or relating to your answer.

In Interrogatory 15, we asked for identification of each person drafting procedures, the date the procedures were drafted and circulated to employees, and any documents related to the answer. I don't think this information has been provided. If you think this has been provided, can you let me know when/where? We also asked for all duties and responsibilities, and any documents related to this. The only thing you provided was a job description created after the plaintiff was terminated, and a draft lockout policy that is undated. There are clearly other documents created during his employment that would be responsive. In addition, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In Interrogatories 16 and 17, we asked how employees are notified. You said that employees are instructed-- but you don't say how or who instructs them. Is this just in the written policies or are people instructed in some other way? In addition, I appreciate the production of the Manual you gave Gregg, but I noticed that the document produced at the CHRO (Exhibit I) appears to come from a different book. There is also apparently a leaders book that I don't think has been provided. Will you be producing these document as well? With respect to all of the policy and practice questions, are there any unwritten practices or policies that are responsive? Finally, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In Interrogatory 19, we ask for any communications about unfair treatment, and you said that there were no "claims". I do not think that discovery is limited to formal claims. Clearly, evidence that another employee accused Mr. Bofman (for example) of unfair treatment because of disability or of a refusal to accommodate a learning disability would be admissible even if the employee never filed a formal "claim". Are

Attorney Claudia T. Centomini
Date: November 10, 2003
Page: 4

there any complaints that were made? In addition, you have apparently limited your responses to the period that the Plaintiff was employed. I do not believe that this is appropriate. See: <u>Haskell v. Kaman Corp.</u>, 743 F.2d. 113 (2nd. Cir. 1984); <u>EEOC v. Morgan Stanley</u>, 132 F. Supp. 2d. (SDNY 2000). Clearly mistreatment of other employees with disabilities could be admissible as to the issue of pretext- even if the events are outside of the the period of plaintiff's employment. For example, evidence that the defendant reused reasonable accommodations of another employee could be admissible even if the events took place outside of the dates of plaintiff's employment. Finally, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In Interrogatory 20, are there any documents?

In Interrogatory 21, see my response to interrogatory number 8.

In interrogatory 22, who in management had these conversations? What did they say? Are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In production request 3, we are asking for essentially the same information as required in the initial disclosures. I do not see why this is vague, overly broad or unduly burdensome.

In production request 4 and 5, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits? Were there any that have been lost or destroyed?

In production request 6, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were there any that have been lost or destroyed?

In production request 7, we asked for all documents concerning the duties the plaintiff actually performed. You claim that these were provided, but again the only document provided consists of a job description created after his termination. Clearly, there are other responsive documents that have not been provided.

In production request 8, we asked for all documents concerning lockout and tagout procedures from 2000 to date. You claim that these were provided, but the only document provided consists of a draft procedure that- on information and belief- the plaintiff created. Are there any other documents- such as procedures or policies that the defendant provided to the plaintiff or procedures that were actually adopted by the defendant? Are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were

Attorney Claudia T. Centomini
Date: November 10, 2003
Page: 5

there any that have been lost or destroyed?

In production request 9, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were there any that have been lost or destroyed?

In production request 10, we asked about any documents referring to meetings or discussions. You responded that you provided information about the plaintiff's medical condition and performance but nothing about any discussions about the plaintiff. Again, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were there any that have been lost or destroyed?

In production request 12, you again limited the time to the period of plaintiff's employment. I think the caselaw indicates that this is too narrow. I am willing the time from January 1997 to the present.

In production request 13, no documents were produced despite the defendant's claims that there were employee complaints that were investigated.

In production request 14, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were there any that have been lost or destroyed?

In production request 15, no notes or minutes were produced.

In production request 16, we asked for all documents about any third party actions or other internal documents. You indicate that you have already produced all of the documents but all we have been given are the documents about the plaintiff's discipline. Are there any investigation documents, notes or minutes, documents about any third party actions, insurance or cost documents, or any other internal documents about the incident?

In production request 17, no documents were produced.

In production request 18, is this the only chart?

In production request 20 is this the only chart?

With respect to production Request 21, I am a little concerned with the wording of your response. I assume you will be providing all of the documents requested- not just the ones you may feel are "relevant". Is this correct? Also, were there any other e-mails that have been lost or destroyed?

With respect to production requests 22, 23, 25, 26, 27 you indicated the documents have been produced. However, the only documents I think we have are the CHRO documents, and the plaintiff's personnel file. Are you claiming that these are all the documents there are or am I missing something?

Attorney Claudia T. Centomini
Date: November 10, 2003
Page: 6

    In production request 30 we sought information about the overtime offered and worked during the last month of employment. This is relevant to the disputes about the overtime offered and worked. The document provided does not show the overtime offered and does not appear to be limited to the last month. Are there any other responsive documents?

    In production request 31/36/38/39/40/41 this should not be limited to the period that the plaintiff was employed as has been explained above.

    In production request 32 we sought information about the salary increases, bonuses and changes in benefits since the Plaintiff's discharge. You indicate that this was provided, but I am not sure where or when. Can you let me know?

    In production request 33 we sought benefit information related to damages. I'm not sure why this would not be provided.

    In production request 34, you have identified all of defendant's employees- just those at a certain facility. The documents showing the total number is necessary. In addition we need the headcount form the date of termination through the present.

    In production request 37, are there any notes, calendars, minutes of meetings, correspondence, e-mails, investigation documents, or affidavits about these policies or practices? Were there any that have been lost or destroyed?

    In production request 42, we seek information about assets and liabilities. You have objected that the information is not calculated to lead to the discovery of admissible evidence. This is not correct. This information is admissible for the purpose of determining punitive damages.

    Please give me a call so that we can discuss these issues.

                                              Sincerely yours,

                                              Mary E. Kelly

MEK/azh

# Mary E. Kelly

**From:** "Centomini, Claudia" <CCentomi@foleyhoag.com>
**To:** "Mary E. Kelly" <mekelly@lapm.org>
**Sent:** Wednesday, November 19, 2003 7:07 PM
**Subject:** RE: Beaudette Discovery Issues

As I indicated to you on Monday, it was my understanding that you wanted to quickly review the major issues for which you intended to file a motion to compel. I called you in an effort to help you address such issues and did not expect that we would review each and every item in your letter as I cannot imagine that you intend to file a motion to compel on all of the issues raised in your letter. I will respond fully to your letter on December 1 as I had told you previously. Like you, we do not think that certain items are relevant and/or admissible but, on most of these issues, we would like to see if we can reach agreement on them. I will respond informally, however, to your request for information regarding the company's assets and liabilities. Although, as you have stated, that information may be admissible for punitive damages, the plaintiff must first be able to show that the alleged conduct is sufficient to support an award of punitive damages. We do not believe that the evidence even remotely supports an award of punitive damages.

I have learned that there is a different job description for the O&M Tech position that was posted during the first wave of hiring. I will forward that job description to you along with the other documents that I have told you that I would forward to you.

Please let me know when I can expect a letter from you assuring me that you will amend your amended complaint to remove the allegation contained in paragraph 9 regarding plaintiff's "20 year history of [an] anxiety disorder, including panic attacks and agoraphobia, as well as depression." Thank you.

Claudia T. Centomini
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1192

************************************************************************