## UNITED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| _____ | : | CIVIL ACTION NO: |
| MICHAEL BEAUDETTE | : | 3:03 CV 0899 (RNC) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| POWER SERVICES COMPANY | : | |
| Defendant | : | |
| _____ | : | April 30, 2004 |

### <u>JOINT STATUS REPORT</u>

In accordance with the Court's Order regarding Case Management Plan dated August 8, 2003 and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties hereby submit the following Joint Status Report.

**<u>Nature and Status of the Case</u>**

This is a wrongful discharge action involving plaintiff, Michael Beaudette's employment with the defendant. In this case the plaintiff contends that he was denied accommodations, discriminated against and terminated by the defendant on the basis of his disability in violation of the Americans With Disabilities Act, ("ADA"), 42 U.S.C. §12101, <u>et</u> <u>seq</u>, and the Connecticut Fair Employment Practices Act, C.G.S. §46a-60 <u>et</u> <u>seq</u>. The plaintiff seeks injunctive relief, compensatory and punitive damages and attorneys fees. The defendant has denied most of the allegations, and has raised seven affirmative defenses, including failure to mitigate, failure to exhaust administrative remedies, and failure to state a claim upon which relief may be granted.

- 2 -

**1.      The Formulation and Simplification of the Issues**

At this stage in the discovery process, the parties cannot yet determine with certainty whether any claims or defenses are so frivolous as to require the Court's action.

**2.      The Necessity or Desirability of Amendments to the Pleadings**

The parties do not anticipate any further amendments to the pleadings at this time.

**3.      The Possibility of Obtaining Admissions of Fact, Stipulations as to the Authenticity of Documents and Advance Rulings from the Court on the Admissibility of Evidence**

At this stage in the discovery process, the parties cannot yet determine with certainty what evidence will be produced at trial.  However, the parties believe that they will be able to stipulate to the authenticity of many of the documents in this case, and a number of the underlying relevant facts.  The parties will attempt to get advance rulings from the Court as to the admissibility of evidence as the trial date approaches.

**4.      The Avoidance of Unnecessary Proof and Cumulative Evidence**

At this stage in the discovery process, the parties cannot yet determine with certainty what evidence will be produced at trial.  However, the parties will attempt to avoid unnecessary proof and cumulative evidence.

**5.      The Appropriateness and Timing of Summary Adjudication**

At present, and subject to further discovery, the defendant is  considering filing a motion for summary judgment with respect to plaintiff's claims of discrimination in violation of the ADA and  Connecticut Fair Employment Practices Act on the grounds

- 3 -

that there does not appear to be any genuine issues of material fact and that defendant is entitled to judgment on those claims as a matter of law.  At this point, the plaintiff intends to oppose such motion.  Should defendant wish to file such a motion, a request for a pre-filing conference will be made on or before May 14, 2004 in accordance with the Case Management Plan as modified on April 6, 2004.

6.    **The Control and Scheduling of Discovery**

The parties have exchanged written discovery and have completed most of the necessary depositions.  The parties believe that fact witness discovery can be completed by May 3, 2004 in accordance with the current Case Management Plan with the exception of the completion of the plaintiff's deposition which the parties anticipate completing on or about May 14, 2004.  The parties further anticipate that the deposition of the defendant's expert can be completed by June 25, 2004 in accordance with the current Case Management Plan.  The parties are not currently aware of any issues in discovery that require the assistance of the Court.

7.    **Trial Readiness**

The parties believe that they will be able to comply with the Case Management Plan with respect to the timing of the Joint Trial Memorandum, the identification of witnesses and documents, the timing of further conferences and the likely date of trial.

8.     **Trial by Magistrate Judge**

Counsel have discussed the option of consent to referral for trial by a  Magistrate Judge with their respective clients.  Neither party is currently willing to consent to referral.

- 4 -

**9.      Settlement Discussions**

The Case Management Plan provides for a mandatory settlement conference to take place in April 2004, but as of this date, the parties have not been notified that such a conference has been scheduled.   The parties believe that a settlement conference would be most productive if held after the disclosure of the report of the defendant's retained expert, which is currently scheduled to occur on or before May 26, 2004.

**10.     The Pretrial Order**

The parties are not presently aware of any issues concerning the Pretrial Order.

**11.     The Disposition of Pending Motions**

There are no pending motions.

**12.     The Need For Special Procedures**

The parties are not presently aware of any need for special procedures.

**13.     The Need For an Order For a Separate Trial Pursuant to Rule 42(b)**

The parties are not presently aware of any need for a separate trial pursuant to Rule 42(b).

**14.     The Need For an Order To Present Evidence Early in the Trial**

The parties are not presently aware of any need for an order directing a party to present evidence early in the trial with respect to a manageable issue that could be the basis for judgment under Rule 50(a) or a judgment on partial findings under Rule 52(c).

**15.     The Need For an Order Limiting  the Time Allowed For Presenting Evidence**

The parties are not presently aware of any need for an order setting a limit on the amount of time allowed for the presentation of evidence.

- 5 -

**16.    Action by the Court**

No additional action from the Court is currently required to facilitate the just, speedy and inexpensive disposition of this action.

Respectfully submitted,

THE PLAINTIFF                              THE DEFENDANT

By: _____        By: _____
    Gregg D. Adler ct05698                 Claudia Centomini ct24941
    Mary E. Kelly ct07419                   James W. Bucking ct24940
    Livingston, Adler, Pulda, Meiklejohn    Foley Hoag, LLP
      & Kelly, P.C.                         155 Seaport Boulevard
    557 Prospect Avenue                     Boston, MA 02210
    Hartford, CT 06105-2922                 (617) 832-1000
    (860) 233-9821