UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 MAY 21  A 11: 20

U.S. DISTRICT COURT
HARTFORD, CT.

Michael Beaudette,

         Plaintiff,

v.

Power Services Company,

         Defendant.

CIVIL ACTION NO.
303CV899 (RNC)

### DEFENDANT'S REQUEST FOR A PREFILING CONFERENCE REGARDING ITS MOTION FOR SUMMARY JUDGMENT

Defendant Power Services Company ("Defendant") hereby requests that this Court schedule a prefiling conference regarding Defendant's Motion for Summary Judgment.

This is a classic case for summary judgment. Plaintiff Michael Beaudette ("Plaintiff") has filed a two-count complaint in the above-referenced action and both counts warrant summary judgment. In Count One, Plaintiff alleges that Defendant discriminated against him because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Taking the facts in a light most favorable to Plaintiff, Plaintiff cannot establish that he is a qualified individual with a disability within the meaning of the ADA because, in addition to the reasons stated below, Plaintiff is not substantially limited in a major life activity.

Regarding Count Two, there is no evidence that Defendant discriminated against Plaintiff in violation of Conn. Gen. Stat. § 46a-60(a)(1). It is not disputed that Plaintiff made it known to

FHBoston/1056785.1

Defendant's managers at Lake Road Generating Plant early in his employment that he took medication for anxiety and that he believed that he suffered from Adult Attention Deficit Disorder. Nonetheless, Defendant provided Plaintiff with reasonably positive feedback and work performance reviews (albeit with some disciplinary issues) during Plaintiff's employment from July 31, 2000 until February 13, 2002. Defendant terminated Plaintiff's employment only after Plaintiff lost his temper and committed a violent act by throwing his hard hat against the wall of the Plant's Control Room while a number of people were in the room. Plaintiff's conduct violated Defendant's standards for proper conduct in the workplace. In disability cases, the courts have found that the essential functions of any job require an employee to abstain from violent behavior that threatens the safety of other employees, the ability to accept and follow instructions, and refrain from insubordinate behavior. *See Misek-Falkoff v. IBM Corp.*, 854 F. Supp. 215 (S.D.N.Y. 1994), *aff'd*, 60 F. 3d 811 (2d. Cir. 1995) (The court held that, even though plaintiff was disabled and technically competent, plaintiff was unqualified for her job because she was unwilling to cooperate with certain management decisions and had had altercations with her co-workers and management). Consequently, the undisputed evidence reflects that Defendant held no animus toward Plaintiff, and there is no direct evidence or other evidence that Defendant's stated reasons for terminating Plaintiff's employment were a pretext.

Defendant's counsel has conferred with Plaintiff's counsel regarding Defendant's intent to file a Motion for Summary Judgment.

For the foregoing reasons, Defendant requests a pre-filing conference on its Motion for Summary Judgment.

POWER SERVICES COMPANY

By their attorneys,

*Claudia T. Centomini* (signature)
James W. Bucking (ct 24940)
Claudia T. Centomini (ct 24941)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Date: May 20, 2004

## CERTIFICATE OF SERVICE

I, Claudia T. Centomini, certify that on May 20, 2004, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by first class mail, to Gregg D. Adler, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105-2022 and Daniel Krisch, Esq., Horton, Shields & Knox, P.C., 90 Gillett Street, Hartford, CT 06105.

*Claudia T. Centomini* (signature)
Claudia T. Centomini