UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Michael Beaudette,

        Plaintiff,

v.

Power Services Company,

        Defendant.

CIVIL ACTION NO.
303CV899 (RNC)

October 4, 2004

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE

Defendant Power Services Company ("PSC") hereby moves to strike the following from Plaintiff's Local Rule 56(a)2 Statement in Support of Memorandum Opposing Summary Judgment ("Plaintiff's Statement") contained in Plaintiff's Statement of Material Facts in Dispute: Paragraph 79 in its entirety; Paragraph 81, sentence 4; Paragraph 17, sentence 2; and Paragraph 63, sentence 1. PSC further moves the Court to strike sentence 3 of Paragraphs 21 and 36 of Exhibit 1 to Plaintiff's Statement (Affidavit of Plaintiff)("Affidavit").

Plaintiff Michael Beaudette ("Plaintiff") improperly relies on inadmissible hearsay in an attempt to manufacture a genuine issue of material fact. In Paragraph 79 of Plaintiff's Statement, Plaintiff states that "[o]n February 11, 2002, Reindl, Larry Alice and Bruce Carr again talked about their concerns that Plaintiff might not be able to do his job because of his medical condition. (Reindl Depo at 79-81)" and in Paragraph 81, he states that "[w]hile Reindl cannot recall specifically mentioning that his concerns were related to Beaudette's ADHD, he testified

FHBOSTON/1113005.1

that he **believed** Bofman **understood** that this was the basis for the conversation and the basis for the concerns. (Reindl Depo at 77-81; 91)." (Emphasis added).

The Court may not rely on these inadmissible statements of hearsay or speculation in determining whether summary judgment should be granted. A party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment, absent a showing that admissible evidence will be available at trial." Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 924 (2d Cir. 1985) (citations omitted). See also Clarke v. Sweeney, 312 F. Supp. 2d 277, 283 (D. Conn. 2004). Plaintiff makes no such showing here. The only support offered for the contention that the conversations testified to by Reindl were related to Plaintiff's medical condition is Reindl's speculation that the others involved in the conversation knew, by some implicit, unspoken "mutual understanding" what was being discussed, even though Reindl admitted that no one ever said they were discussing Plaintiff's medical condition. Reindl Dep. at 39, 91-93. (Selected excerpts of the Deposition of Joseph R. Reindl are attached to the Affidavit of Claudia T. Centomini in Support of Defendant's Motion to Strike as Exhibit A). This resort to inadmissible hearsay is improper and should, thus, be stricken from the record.

Furthermore, Plaintiff has included as part of Plaintiff's Statement, improper evidence derived either from an Affidavit which directly contradicts his testimony given at deposition in this matter or from inadmissible hearsay in an effort to create a genuine issue of material fact. Under Connecticut law, Plaintiff may not use his Affidavit to contradict his prior deposition testimony and may not rely upon speculative, inadmissible hearsay evidence.

Plaintiff makes the following assertion in the second sentence of Paragraph 17 of

Plaintiff's Statement:

> Bofman did not discuss any potential accommodations for Beaudette. (Beaudette Aff. ¶ 21).

Plaintiff's support for this statement comes from Paragraph 21 of the Affidavit, the third sentence of which states:

> Bofman did not discuss any potential accommodations.

The statement in Plaintiff's Affidavit directly contradicts the testimony he gave at his deposition in which he stated that he requested that Bofman grant him time off as an accommodation for his alleged disability and that Bofman granted him this time off. See Plaintiff Dep. at 40-41. (Selected excerpts from the Deposition of Plaintiff Michael Beaudette are attached to the Affidavit of Claudia T. Centomini in Support of Defendant's Motion to Strike as Exhibit B). Therefore, the statement by Plaintiff in his Affidavit at paragraph 21, then used in Plaintiff's Statement at Paragraph 17, is entirely inconsistent with his deposition testimony and must be stricken.

Plaintiff again contradicts his own deposition testimony in first sentence of Paragraph 63 of Plaintiff's Statement, in which he states:

> Beaudette asked Bofman for a break - either time off or time away from the stress. (Beaudette Aff.¶ 36; Plaintiff Depo at 37-38).

Again, in support for this statement, the Plaintiff relies on his own newly filed affidavit at Paragraph 36.

As Plaintiff's deposition makes clear, Plaintiff *never* specified what kind of accommodation he was seeking when he stated he needed "a break."

> Q:   What was the accommodation you sought?
>
> A:   A break.

>      \*           \*           \*
>
> Q:   But when you told Tim Bofman you needed a break, you weren't specific in terms of what you needed, is that correct?
>
> A:   No. That is correct, yes.

Plaintiff Dep. at 36-37, 40.

The portion of the deposition transcript Plaintiff cites to bolster the brand new statement in his Affidavit that he asked Bofman for either time off or time away, is based upon his explanation to Defendant's counsel during the deposition, when she indicated she did not understand what Plaintiff meant by "a break." See Plaintiff Dep. at 37. But, Plaintiff admitted moments later that he never gave any such clarification to Bofman. Id. at 40. Accordingly, this portion of Paragraph 63 of Plaintiff's Statement should be stricken.

"[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony. . . . Thus, factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) (citing Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969); see also, Martin v. City of New York, 627 F. Supp. 892, 896 (E.D.N.Y. 1985); Conrow v. Wegmans Food Mkts, Inc., 192 F. Supp. 2d 138, 142 (W.D.N.Y. 2002).

WHEREFORE, PSC respectfully requests that the Court grant its Motion to Strike the

specified portions of Plaintiff's Statement and Affidavit.

> Respectfully Submitted,
>
> **POWER SERVICES COMPANY**
>
> By its attorneys,
>
> */s/ Claudia T. C...*
> James W. Bucking (ct 24940)
> Claudia T. Centomini (ct 24941)
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210-2600
> (617) 832-1000

Date:  October 4, 2004

### CERTIFICATE OF SERVICE

I, Claudia T. Centomini, certify that on October 4, 2004, I served the foregoing document on plaintiff by causing a copy of the same to be delivered by first class mail, to Gregg D. Adler, Esq. and Mary E. Kelly, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105-2022 and Daniel Krisch, Esq., Horton, Shields & Knox, P.C., 90 Gillett Street, Hartford, CT 06105.

*/s/ Claudia T. C...*
Claudia T. Centomini