UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BEAUDETTE, : | CIVIL ACTION NO: |
| Plaintiff : | 3:03 CV 0899 (RNC) |
| : | |
| v. : | |
| : | |
| POWER SERVICES COMPANY : | |
| Defendant : | |
| : | October 18, 2004 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE**

**I.    Introduction**

On or about October 4, 2004, Defendant Power Services Company, (hereinafter "the Defendant") filed the instant Motion to Strike. The Defendant contends that the Court must strike portions of the Plaintiff's Local 56(a)2 Statement, and portions of the Plaintiff's affidavit.[1] The Defendant claims that these allegations should be stricken because they either rely on inadmissible hearsay and/or speculation, or directly contradict the Plaintiff's sworn deposition testimony. As is explained below, the Defendant's contentions are simply incorrect.

**II.    The Testimony Relied Upon is Not Hearsay or Speculation**

    **A.    The Legal Standard**

In opposing a motion for summary judgement a party generally cannot rely on inadmissible hearsay. Clarke v. Sweeney, 312 F. Supp.2d. 277, 283 (D. Conn. 2004). Hearsay is generally a statement, other than one made by the declarant while testifying,

---

[1] With respect to the Plaintiff's Local 56(a)2 Statement, the Defendant seeks to have the Court strike the second sentence of paragraphs 17, the first sentence of paragraph 63, all of paragraph 79 and the fourth sentence of paragraph 81. With respect to the Plaintiff's affidavit, the Defendant seeks to have the Court strike the first sentence of paragraph 21 and the third sentence of paragraph 36.

offered in evidence to prove the truth of the matter asserted.  (FRE 801(c))   However, a statement by an employee or agent of a party, concerning a matter within the scope of his or her employment and made during the existence of the relationship is not hearsay.   (FRE 801(d)(2))   Furthermore, for the purpose of a summary judgement motion, the Second Circuit has held that a party may  rely on an  affidavit that would otherwise constitute hearsay, if there is an indication that the party will be able to present those facts in a form that is admissible at trial.   Id. citing Santos v. Murdock, 243 F.3d 681, 683 (2d Cir.2001).

In addition, to be admissible, testimony may not be based on mere speculation or conjecture.   If a witness is not testifying as an expert,  testimony in the form of inferences is limited to those inferences that are: "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge....."   (FRE 701)   Thus, a lay witness' conclusion must be based on facts or rational perceptions and not on guesswork.

### B.  Paragraph 79 of   Plaintiff's Local 56(a)2 Statement Does Not Constitute Hearsay or Speculation

The Defendant first contends that paragraph 79 of the Plaintiff's Local 56(a)(2) statement must be stricken as inadmissible hearsay or speculation.   Paragraph 79 states that,

> "On February 11, 2002, Reindl, Larry Alice  and Bruce Carr again talked about  their concerns that  Beaudette might not be able to do his job because of his medical condition."   See Plaintiff's Local 56 (a) 2 statement attached hereto as Exhibit A

> The basis for this statement was Reindl's deposition testimony that,

> In our conversation before we went in there, that was a big part of it, was his inability to do the work because of the medical condition..... I mean we talked

2

about that right before we went in there, Bruce, Larry and myself". (Reindl Deposition at 79-80 attached hereto as Exhibit B)

Thus, Reindl will testify at trial that he, Larry Alice and Bruce Carr talked about their belief that the Plaintiff was unable to do his job because of his medical condition. These statements are not hearsay because the testimony is not offered to prove that the Plaintiff was, in fact, unable to do his job because of his medical condition. Instead, the evidence is offered because it tends to show that the concerns raised by the Plaintiff's co-workers, and allegedly relied upon by the Defendant in terminating the Plaintiff, were directly related to the Plaintiff's disability, and his co-workers stereotypical beliefs about the effects of his medical condition. Because the allegedly hearsay statements are not being offered to prove the truth of the matter asserted, the testimony is not hearsay.[2] (FRCP 801(c))

Paragraph 79 is also not based on mere speculation. The testimony is not being offered to prove that the opinions expressed by Reindl, Carr or Alice were accurate, but rather to explain the basis for their communications to the Defendant. The reason that Reindl, Carr and Alice expressed their concerns about Beaudette to Bofman, the nature of their concerns, and the discussion between Reindel, Carr and Alice before they expressed their concerns is a matter of fact and not speculation. The testimony, therefore, should not be stricken.

C. **Paragraph 81 of Plaintiff's Local 56(a)2 Statement Does Not Constitute Hearsay or Speculation**

Paragraph 81 of the Plaintiff's Local 56 (a)2 Statement explains that,

---

[2] In addition, the testimony would not be hearsay in that it is limited to statements by the Defendant's employees concerning matters within the scope of their employment and made during the existence of the employment relationship. (FRE 801(d)(2))

3

> Reindl, Carr and Alice went to talk with Bofman about their concerns. (Reindl Depo at 77,81,91) These concerns were directly related to Beaudette's diagnosis and fears that he might not be taking his medication. (Reindl Depo at 49,54, 67-68; Affidavit of Bruce Carr attached hereto as Exhibit 23) Carr told Reindl that they were concerned that Beaudette was not retaining information and might not be taking his medication. (Ex. 23) While Reindl cannot recall specifically mentioning that his concerns were related to Beaudette's ADHD, he testified that he believed Bofman understood that this was the basis for the conversation and the basis for the concerns. (Reindl Depo. at 77-81; 91 )

The Defendant contends that the fourth sentence of paragraph 81 must be stricken as it alleged constitutes inadmissible hearsay or speculation. Again, this is incorrect. Reindl's testimony that he believes that Bofman was aware that the basis of concerns expressed by Reindl, Carr, and Alice were related to Beaudette's ADHD, this testimony would clearly not be hearsay. (See Ex. b. 77-81), this testimony does not involve any statement made out of court being offered for the truth of the matter asserted.

Nor would such testimony constitute impermissible conjecture. While Reindl could not recall the exact details of his conversation with Bofman, he will be testifying as to an inference that he made based on his own perceptions. It is clear that a jury could find this perception to be rational.

The evidence offered at trial will include evidence: (1) that Bofman knew of the Plaintiff's diagnosis of ADHD and need for medication (Ex A at paragraph 16, 18; (2) that Reindl understood that Bofman knew these facts (Ex. B. at 66-67); that on February 6, the Plaintiff threw his hard hat in an impulsive act of frustration (Plaintiff's Ex A at paragraph 72); that on February 11, Reindl and Carr spoke to Bofman about their concerns about Beaudette (Ex A at paragraph 81); and that during this conversation Carr told Reindl that they were concerned that Beaudette might not be

4

taking his medication. (Ex A at paragraph 81). Given this evidence, the fourth sentence of paragraph 81 should not be stricken.

### III. The Plaintiff's Affidavit Does Not Directly Contradict His Deposition Testimony

#### A. The Legal Standard

In opposing summary judgement, a party may not create an issue of fact by submitting an affidavit that, by omission or addition, contradicts that party's previous deposition testimony. Hayes v. New York City Department of Corrections, 84 F.3d. 613, 619 (2nd. Cir. 1996). However, the so-called "sham affidavit" rule only applies where the affidavit actually contradicts the testimony given in the deposition. Id. at 619-620. See Also: RUS Inc. v. Bay Industries, Inc., 322 F.Supp.2d. 302 (SDNY 2003) Where the affidavit is only "arguably contradictory" and the party explains the discrepancy, the affidavit is permitted to stand. Hayes, 84 F.3d. at 619-620; Lee v. ITT Standard, 268 F. Supp.2d 315,350 (WDNY 2002).

Similarly, the sham affidavit rule does not apply to statements that seek to clarify or expand on deposition testimony. Corio, 232 F.3d. at 43. The Second Circuit has explained,

> a material issue of fact may be revealed by [a deponent's] subsequent sworn testimony that amplifies or explains but does not merely contradict his prior testimony, especially where the party was not previously asked sufficiently precise questions to elicit the amplification or explanation".

Rule v. Brine, 85 F.3d. 1001, 1111 (2nd. Cir. 1996). See Also: Corio, 232 F.3d. at 43-44 (noting that rule does not apply if: (1) the affidavit that does not actually contradict the affiant's prior testimony, (2) the affidavit addresses an issue that was not thoroughly explored; or (3) the deposition testimony is contradicted by evidence in addition to that of the affidavit).

5

**B.     Paragraph 17 of Plaintiff's Local 56(a)2 Statement and Paragraph 21 of Plaintiff's Affidavit Do Not Actually Contradict His Deposition Testimony**

Both paragraph 17 of the Plaintiff's Local 56(a)2 Statement and paragraph 21 of the Plaintiff's affidavit involve a conversation held between the Plaintiff and supervisor Tim Bofman occurring on or about November 17, 2000. (See Exhibit A; paragraph 17); Plaintiff's Affidavit attached hereto as Exhibit C)   During this conversation, the Plaintiff explained that he had ADHD and was having difficulties.[3] (See Plaintiff's Local 56(a)2 Statement at Paragraph 16) The Plaintiff, in the sentence that the Defendant seeks to have stricken, goes on to note that despite this knowledge, "Bofman did not discuss any potential accommodations for Beaudette. "

The Defendant claims that this directly contradicts the Plaintiff's deposition testimony.   The Plaintiff's testimony as to the accommodations he was granted was as

---

[3] Paragraph 21 of the Plaintiff's affidavit states in it's entirety, "On or about November 17, 2000, Bofman criticized me for asking for help with a computer problem.  I explained that I had just been diagnosed with ADHD, and was having some difficulties.  Bofman did not discuss any potential accommodations.  Bofman told me that his son had been diagnosed with ADD or ADHD.  He did not talk to me about getting a second diagnosis with respect to his son. He did not suggest that I get a second opinion". (See Ex. C at Paragraph 21)

Paragraphs 16 and 17 of the Plaintiff's 56(a)2 statement similarly provide,

"16.   On or about November 17, 2000, Bofman criticized Beaudette for asking for help with a computer problem. (Beaudette Aff.¶ 21; Beaudette Depo at 122-123) Beaudette explained that he had ADHD, and was having some difficulties. (Beaudette Aff.¶ 21)

17.    Bofman knew that a person with ADD or ADHD would have difficulty absorbing information and paying attention.   (Deposition of Tim Bofman attached hereto as Exhibit 9 at 11; 15-19)  Despite this, Bofman did not discuss any potential accommodations for Beaudette. (Beaudette Aff.¶ 21)

(See Ex. A at paragraphs 16, 17)

6

follows:

> Q:   Was there any time in which you asked Tim Bofman for time off?
>
> A.   Over a period of three years, yes, I mean not three years, nineteen months, yes.
>
> Q.   Was there any time in which you asked for time off because you needed an accommodation for your disability?
>
> A.   Yes.
>
> Q.   When was that?
>
> A.   Which time?
>
> Q.   All the times that you asked.
>
> A.   I had to go see this Dr. Rothman on a regular basis and I had to leave work because of it early. So, I needed to leave work to fit that into my schedule because we were working pretty much 72 hours a week.
>
> Q.   Who is Dr. Rothman?
>
> A.   He was the doctor that diagnosed me with ADD.
>
> Q.   When did he diagnose you with ADD?
>
> A.   I think it was in November 2001.
>
> Q.   What did Tim Bofman say when you asked for time off to see Dr. Rothman?
>
> A.   Well, Tim Bofman was very much aware of the diagnosis and the medication and he was very---- he made it so that I could go to my appointments for the most part.
>
> Q.   So he accommodated your appointments, is that correct?
>
> A.   My appointments, yes, for the most part.

(Depositions of Michael Beaudette attached as Exhibit D at 40-41)

Thus, the deposition testimony merely states that at some unidentified point during the Plaintiff's employment he asked for time off for medical appointments, and

7

Bofman granted the requests.   This is not inconsistent with the Plaintiff's affidavit in which he explains that when he notified Bofman of his disability on November 17, 2001, Bofman did not discuss potential accommodations with him.   Since the affidavit does not actually contradict the deposition testimony, it should not be stricken.   Hayes, 84 F.3d. at 619-620.

    **C.**     **Paragraph 63 of  Plaintiff's Local 56(a)2 Statement and Paragraph 36 of Plaintiff's Affidavit Do Not Actually Contradict His Deposition Testimony**

The Defendant also asks this Court to strike the first sentence of paragraph 63 of the Local 56(a)(2) statement, and sentence 3 of paragraph 36 of the Plaintiff's affidavit.  Both state that the Plaintiff, " asked Bofman  for a break- either time off or time away from the stress".  (Ex. A paragraph 63; Ex. C, paragraph 36)   The Defendant again contends that this directly contradicts his deposition testimony.  The deposition testimony with respect to the conversation with Bofman is as follows:

    Q.     What was the accommodation you sought?

    A.     A break.

    Q.     What do you mean by a break?

    A.     A break, some----same thing, time, some time off.

    Q.     So, you were seeking time off?

    A.     Some time— I was seeking time.

    Q.     I'm not sure what you mean.

    A.     Not necessarily time off away from the job, but out of the fray and kind of regroup and—he'd like to speak to you.....[4]

---

[4] The deposition was interrupted in the middle of the Plaintiff's answer. (Ex. D at 37).

8

> Q. During your conversation with Tim Bofman on February 5, 2002, what did you specifically ask for from him?
>
> A. I just said, like, I need a break. I don't know— I can't remember the exact details of what I wanted for an accommodation
>
> Q. So you don't recall if you specifically asked him for time off, is that correct?
>
> A. I asked him for a break.
>
> Q. Did he understand— was it your impression that he understood what you meant for a break?
>
> A. I would have said that he did– I would say yes, he understood.

(Ex D at 37-38)

Later in the deposition, the Plaintiff described a conversation with his co-workers and again was asked about his discussion with Bofman.

> Q. What did you tell them that you said to Bofman?
>
> A. Everything I just told you prior to.
>
> Q. Which is that you needed a break, is that right?
>
> A. That I was feeling– I was to the point that I felt I was going to go off, I wasn't handling it and I needed some– I needed some type of break, you know, it was just getting unbearable.
>
> Q. But you--
>
> A. And I was going to walk– I felt like I was going to walk off the job or go off on someone.
>
> Q. But when you told Tim Bofman you needed a break, you weren't specific in terms of what you needed, is that correct?
>
> A. No. That is correct, yes.

(Ex. D 39-40)

9

The deposition testimony, therefore, was that the Plaintiff requested a break, that by this he meant time off or time away from the fray, that he could not recall the exact words that he used or how specific he was in making this request to Bofman, but that he believes that Bofman understood that he was asking for time off and/or time away from the stress. While the affidavit summarized and paraphrased the deposition testimony, it is not inconsistent with the Plaintiff's deposition testimony. Thus, the affidavit testimony should not be stricken.

### III.     Conclusion

For all of the reasons set forth above, the Plaintiff, Michael Beaudette, respectfully requests that Defendant Power Services Company's Motion to Strike be denied in its entirety.

```
                                    RESPECTFULLY SUBMITTED,
                                    THE PLAINTIFF


                         By:        _____
                                    Mary E. Kelly  ct 07419
                                    Livingston, Adler, Pulda,
                                    Meiklejohn & Kelly, P.C.
                                    557 Prospect Avenue
                                    Hartford, CT  06105-2922
                                    (860) 233-9821
```

**vCERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike has been sent by first-class, postage pre-paid mail on this 18th  day of October, 2004 to the following counsel of record:

Claudia T. Centomini
James W. Bucking
Foley, Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Michael S. Taylor
Daniel J. Krisch
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

_____
Mary E. Kelly